UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE THOMPSONS FILM, LLC,           )<br>                      Plaintiff,           )<br>                                  )<br>         v.                              )<br>                                  )<br>DOES 1-60,           )<br>                 Defendants.           ) | Case No. 13 C 2368<br><br>Judge Joan B. Gottschall |

## ORDER

Two Doe defendants have moved to quash or vacate the subpoena issued by Plaintiff to their Internet Service Providers ("ISPs"). Motions [16] and [17] are denied. Plaintiff, however, is entitled only to the IP account holders' names and mailing addresses. Plaintiff shall not publish the Doe defendants' identities without leave of the court, and no Doe defendants shall be named in any amended complaint or other pleadings filed with the court.

## STATEMENT

Plaintiff The Thompsons Film LLC brings a complaint for copyright infringement and contributory copyright infringement against sixty unnamed "John Doe" defendants. Plaintiff alleges that the defendants used the BitTorrent protocol to unlawfully transfer the copyrighted motion picture "The Thompsons" (a film about a vampire family on the run from the law), to which Plaintiff holds the exclusive rights, in violation of the United States Copyright Act, 17 U.S.C. § 101, *et seq*. Now before the court are two motions by Doe defendants (Doe #s unknown) to quash the subpoenas issued to their ISPs and to sever and dismiss them from this action. For the following reasons, the motions are denied.

### I. BACKGROUND

Plaintiff alleges that the Doe defendants used the BitTorrent protocol to download and distribute its copyrighted motion picture. A description of the protocol can be found in numerous orders of other courts in this district. *See, e.g.*, *TCKY, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186 (N.D. Ill. July 10, 2013); *Malibu Media, LLC v. John Does 1-25*, No. 12 C 9655 (N.D. Ill. Apr. 24, 2013); *Malibu Media, LLC v. John Does 1-6*, No. 12 C 8903, 2013 WL 2150679 (N.D. Ill. May 17, 2013).

To summarize briefly, the BitTorrent software protocol breaks up large digital files into smaller pieces. Participants in a BitTorrent file-sharing instance (a "swarm") download these individual pieces from other peer participants. When an individual piece has been downloaded, the protocol permits a participant to make that piece available for peers to download. When a

participant has downloaded copies of all of the pieces that made up the original file, the software assembles a copy of the file from the constituent pieces. After his or her own copy is assembled, the user may elect to leave the BitTorrent software running, which makes pieces of the file available for new peers to download. A BitTorrent user may leave the swarm at any time, before or after completing her download, ending her participation in both downloading and sharing. A user may also rejoin the swarm at a later time to complete her download or to continue sharing pieces with other peers. Thus, while a participant in the swarm is downloading the file, and possibly even afterwards, that participant may also be acting as a source for the download of portions of the file by other peers in the swarm. In this case, the complaint alleges that each of the Doe defendants participated in the same BitTorrent swarm, using the same seed file, to download and distribute Plaintiff's copyrighted motion picture.

At this time, the Doe defendants are known to Plaintiff only by the Internet Protocol ("IP") addresses assigned by their ISPs and by the date and time at which the infringing activity was observed. Plaintiff alleges that each of the Doe defendants has an IP address based in Illinois. Plaintiff has issued subpoenas to the ISPs seeking information sufficient to identify each Doe defendant's name and contact information. The Does moving to quash were notified by Comcast Corporation of the subpoena and ask the court to prevent Comcast from providing their personal information to Plaintiff. (*See* Motion to Quash, ECF No. 16.)

## II. ANALYSIS

The issues raised in the motions to quash have been considered at length in the opinions of other courts in this district, as well as by this court in previous orders. *See, e.g.*, *Purzel Video GmbH v. Does 1-84*, No. 13 C 2501, 2013 WL 4478903 (N.D. Ill. Aug. 16, 2013); *Bicycle Peddler, LLC v. Does 1*-99, No. 13 C 2375, 2013 WL 4080196 (N.D. Ill. Aug. 13, 2013). The court's discussion is therefore brief.

Federal Rule of Civil Procedure 45(a) allows the issuance of subpoenas to produce documents in a person's custody or control. A court must quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) "requires a person who is neither a party nor a party's officer to travel more than 100 miles"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (i-iv). A party moving to quash bears the burden of demonstrating that the subpoena falls within one of these categories. To evaluate whether a subpoena imposes an undue burden, the court asks whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

A plaintiff alleging copyright infringement is entitled to the information sought through the subpoenas. Furthermore, the subpoenas impose no undue burden on the Doe defendants, who are not the party who must comply with the subpoena. One of the Doe defendants argues that the subpoena should be quashed because he or she did not download the movie, and someone else could have used his or her IP address to do so. But the fact that the customer associated with the IP address may not be the actual infringer is not a basis to quash the subpoena. As Judge Gettleman recently explained in *reFX Audio Software*,

> "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). . . . Even if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper defendant.

*Id.* at *2. Insofar as IP address holders may contend that they were not the infringing parties, such arguments go to the merits of the action and are "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *Hard Drive Prods. v. Does 1-48*, No. 11 C 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012).

### III. Conclusion

The court denies the motions to quash and vacate the subpoenas. It will, however, allow the Doe defendants to proceed anonymously. Other courts have deemed it prudent to allow defendants to proceed by pseudonym in copyright infringement proceedings, given the "substantial possibility that the names turned over by ISPs will not accurately identify the individuals who actually downloaded or shared the copyrighted material." *TCYK, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186, at *4 (N.D. Ill. July 10, 2013). Therefore, Plaintiff may not publish the defendants' identities without leave of the court. No defendants shall be named in any amended complaint or other pleadings filed with the court; they shall instead be identified by Doe # or IP address.

To further limit any potential for harassment, the court also holds that the identity and mailing address of the account holder are the only pieces of information that are discoverable. Plaintiff not entitled to the telephone number or email address of the account holders and should not use these means to make contact with them. Moreover, Plaintiff must communicate with Doe defendants through counsel if they have legal representation.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 6, 2013